UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN MILES,
    Petitioner,

vs.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-572

Black, J.
Litkovitz, M.J.

**ORDER**

This habeas corpus action is before the Court on respondent's motion for leave to file a substitute answer (Doc. 8) and petitioner's notice of noncompliance and motion to strike (Doc. 10). For the reasons stated below, respondent's motion for leave to file a substitute answer (Doc. 8) is **GRANTED** and petitioner's notice of noncompliance and motion to strike (Doc. 10) is **DENIED**.

### I. Background

Petitioner filed a petition for a writ of habeas corpus on September 9, 2015. (Doc. 1). Petitioner raises three grounds for relief in the petition, challenging his 2002 conviction and sentence in the Butler County, Ohio trial court and his 2014 limited re-sentencing to inform petitioner of his three-year mandatory term of post release control:

1. The trial court committed harmful error by conducting a limited re-sentencing hearing limited to proper imposition of post-release control when petitioner had already completed the term ordered by the trial court in violation of petitioner's right to due process and equal protection of the law.

2. Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution in violation of petitioner's right to due process and equal protection of the law.

3. Trial court failed to conduct an allied offense determination before conducting the limited sentencing hearing in violation of petitioner's right to due process and equal protection of the law.

(Doc. 4 at PageID 179).

On November 3, 2015, in response to the Court's order for answer, respondent filed a return of writ with accompanying portions of the state court record. (Doc. 3, 4). According to respondent, Ground One of the petition, asserting that the trial court erred by conducting a limited re-sentencing hearing, is not cognizable in this federal habeas corpus proceeding. With respect to Grounds Two and Three, respondent contends that petitioner's claims arising out of his limited re-sentencing hearing are procedurally defaulted and those claims relating to his original conviction and sentence are time-barred.

Petitioner filed an objection to the return of writ on the basis that the state court record was incomplete for failure to include transcripts from his trial, change of plea hearing, sentencing hearing, or remand proceedings. (Doc. 5). On February 4, 2016, the undersigned issued an Order requiring respondent to file the transcripts of the trial proceedings, including both the original change-of-plea and sentencing transcripts and the remand proceeding transcripts. (Doc. 7). The Court also granted petitioner an extension of time to file a "traverse" brief within thirty (30) days after the transcripts are served upon him and filed with the Court. (*Id.*).

On February 5, 2016, respondent filed portions of the trial transcripts and a motion to file a substitute answer. (Doc. 8, 9). In the motion to file a substitute answer, respondent indicates that the return of writ initially filed with the Court (Doc. 4) does not include page identification numbers in its citations to the state court record. (Doc. 8). Respondent requests leave to file a substitute answer to correct the clerical error.

On April 5, 2016, petitioner filed a notice of noncompliance and petition to strike. (Doc. 10). Petitioner moves the Court to strike respondent's November 3, 2015 return of writ on the ground that respondent failed to provide a complete state court record, including transcripts from petitioner's change-of-plea and sentencing hearings and the remand proceedings.

Respondent has filed an opposition to the motion to strike and a supplemental notice. (Doc. 12, 13). In the April 12, 2016 opposition, respondent indicates that the unfiled portions of the transcripts are not available as they were either not transcribed or have been lost. Respondent states that it is attempting to have the resentencing hearing transcribed by the county court's transcription agency. (*Id.* at PageID 497). Respondent asks the Court to accept audio recordings in lieu of transcripts for the remaining proceedings or to stay its order on these transcripts until the Court has ruled on respondent's statute of limitations defense. (*Id.*).

On May 5, 2016, respondent filed a supplemental notice updating the Court on the status of the transcript search process. (Doc. 13). According to respondent, the Butler County Court informed respondent that audio recordings of the trial and resentencing hearings are available; however, recordings and/or transcriptions of the other proceedings have been lost. Respondent indicates that the cost of transcribing the available recordings is in excess of $2000, which respondent contends is overly burdensome. (*Id.* at PageID 500). Respondent proposes that the Court either issue a writ of certiorari ordering the Butler County Court to produce the audio recordings/transcripts or, alternatively, that the Court review the return of writ and order production of any portion of the record it deems necessary in ruling on the petition. (*Id.*).

Petitioner filed a response to respondent's supplemental notice, indicating that he cannot receive, utilize, or transport any audio device. On this basis, petitioner objects to respondent's suggestion that the Court utilize audio recordings in lieu of transcripts. (Doc. 15).

**II.    Order on Motions**

After review of the motions, the Court will **GRANT** respondent's motion to file a substitute answer (Doc. 8), which includes page identification numbers in its citations to the state court record. Petitioner shall have **thirty (30) days** to file a reply to the substitute answer.

Petitioner's motion to strike (Doc. 10) is **DENIED**. Respondent has made part of the record the trial transcripts provided by the Butler County Courts and informed this Court of the unavailability or burdensome cost of producing the remaining transcripts. At this juncture in the proceedings, the undersigned is not persuaded that the remaining transcripts are material or otherwise necessary for the adjudication of petitioner's grounds for relief. Should the Court determine that portions of the transcripts are necessary, it may order production of those portions at that time.

**IT IS SO ORDERED.**

Date: 8/29/16

Karen L. Litkovitz
United States Magistrate Judge