IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KEVIN MILES,

        Petitioner,    :    Case No. 1:15-cv-572

  - vs -                        District Judge Timothy S. Black
                                   Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
Institution,
                              :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits. The case was transferred to the undersigned from Magistrate Judge Karen Litkovitz on November 9, 2016, to help balance the workload among the Western Division Magistrate Judges (ECF No. 20).

Miles pleads three grounds for relief:

> **GROUND ONE**: Trial court committed harmful error by conducting a limited re-sentencing hearing limited to the proper imposition of post release control when petitioner had already completed the term ordered by the trial court in violation of petitioner's right to due process and equal protection of the law.
>
> **GROUND TWO:** Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution in violation of petitioner's right to due process and equal protection of the law.
>
> **GROUND THREE:** Trial court failed to conduct an allied offense determination before conducting the limited sentencing hearing in violation of petitioner's right to due process and equal protection of the law.

1

(Petition, ECF No. 1, PageID 6-8.)

**Procedural History in the Ohio Courts**

Miles was originally indicted by the Butler County Grand Jury in 2002 on one count of endangering children (Ohio Revised Code § 2919.22(B)(1)) (Count 1); and one count of murder (Ohio Revised Code § 2903.11(A)(1)) (Count 2).   (State Court Record, ECF No. 3, PageID 26.)

Prior to trial, Miles, through counsel, moved for a competency evaluation and also filed a motion to suppress. The trial court granted the competency evaluation and Miles was found competent to stand trial.  The trial court denied the motion to suppress.

Following a jury trial, Miles was found guilty as charged.   On June 17, 2002, the court sentenced Miles to 8 years in prison for Count 1 and 15 years to life for Count 2, to be served consecutively, for an aggregate sentence of 23 years to life in prison. Thereafter, the court issued a Nunc Pro Tunc Entry crediting Miles for time served.  *State v. Miles*, 2002 Ohio Misc. LEXIS 192 (Ohio C.P. June 17, 2002).

Miles, through new counsel, appealed to the Court of Appeals of Ohio, Twelfth Appellate District, Butler County, raising the following assignments of error:

> 1. The trial court erred in denying appellant's motion to suppress his arrest and the statement obtained subsequent to that arrest when the state failed to produce any evidence supporting the proposition that the state had probable cause to arrest the appellant at the motion to suppress.
>
> 2. The trial court erred in admitting evidence of defendant's prior arrest, and such evidence was plain error which could not be cured by an instruction to the jury.

2

(State Court Record, ECF No. 3, PageID 37).

The Court of Appeals of Ohio set forth the facts of this case on direct appeal as follows:

> **[¶2]** Appellant was dating Tiana Centers and he often stayed overnight at her residence. Tiana's two children, three-year-old Courtney and 18–month–old Emily, lived with her. Tiana is also allegedly pregnant with appellant's child.
>
> **[¶3]** On January 1, 2002, Tiana left her residence with her friend, Jennifer Atkins, to go shopping. Tiana left the children with appellant. When Tiana returned approximately a half-hour later, she noticed that Courtney was pale and lethargic. Tiana called Atkins to come over and look at Courtney. Atkins arrived at the residence within minutes and, after examining Courtney, noticed the child had substantial bruising on her body. Atkins testified that Courtney felt "limp" and "lifeless" when she picked her up. Atkins called 9–1–1. Within minutes of the call, the police and emergency medical technicians arrived. Courtney was rushed to the hospital and pronounced dead approximately one hour later.
>
> **[¶4]** That same day, appellant left the hospital and went to his parents' home in Woodlawn. Officer Chris Pitsch of the Woodlawn Police Department in Hamilton County was contacted by the Middletown Police Department and asked to locate appellant for questioning. Officer Pitsch went to appellant's parents' residence, identified himself as an officer, and asked to speak with them. Officer Pitsch then asked to speak with appellant. His parents looked for appellant, then informed the officer that they "couldn't find him." Officer Pitsch asked if he could look around the residence for appellant. He was given permission to look and Officer Pitsch found appellant hiding under a comforter in the utility room of the residence.
>
> **[¶5]** Appellant was taken to the Middletown police station for questioning. During the interview, appellant admitted that he "accidentally lost his temper," and "whacked [Courtney] last night." Appellant stated that he struck Courtney "in the abdomen" hard enough to "knock the wind out of her." Appellant was then charged with child endangerment.
>
> **[¶6]** Dr. James Swinehart, a forensic pathologist in Butler County, testified that on January 2, 2002, he performed an autopsy on Courtney. He noted that the external examination revealed a lice infestation of the scalp and "numerous" contusions of the skin. The contusions were "clustered within the anterior abdominal wall

between the xyphoid process and umbilicus." Approximately "forty-three (43) small circular contusions were identified within the anteriolateral aspect of the body and approximately twenty-two (22) are identified within the posterior back."

**[¶7]** Furthermore, Dr. Swinehart testified that the internal autopsy revealed that "the left lobe of the liver contained a vertically oriented laceration which measured two inches in length and up to one inch in depth." In his opinion, the liver laceration was caused by a "fairly severe impact" of "blunt force to the anterior abdominal wall" which resulted in "hemoperitoneum." In this case, Dr. Swinehart found "625cc of blood in her peritoneal cavity, or belly cavity," as a result of internal bleeding. In Dr. Swinehart's opinion, Courtney "died of an internal hemorrhage from the lacerated liver." He testified that, she "lost enough blood volume to, I believe, cause her to become cerebrally hypoxic" and the lack of oxygen to her brain caused her to become unconscious.

**[¶8]** On January 2, 2002, appellant asked officers for a second interview. In that interview, appellant admitted that he struck Courtney hard enough to knock her down, then he picked her up and struck her again. Appellant was also charged with felony murder.

*State v. Miles*, 2003-Ohio-7209 (Ohio Ct. App., Butler County Dec. 31, 2003).

On December 31, 2003, the Ohio Court of Appeals affirmed the decision of the trial court. *State v. Miles*, 2003-Ohio-7209 (Ohio Ct. App., Butler County Dec. 31, 2003). Miles did not appeal to the Ohio Supreme Court.

More than ten years later, on January 27, 2014, Miles, *pro se*, filed a motion in the trial court to vacate sentence claiming that:

1. Trial court erred by not including the means of conviction into the judgment of conviction pursuant to Ohio Revised Code 2505.02.

2. Trial court erred when convicting of charges that were to be merged as allied offenses of similar import pursuant to Ohio Revised Code 2941.25.

3. Trial court failed to properly impose post-release control pursuant to Ohio Revised Code 2967.28.

(State Court Record, ECF No. 3, PageID 60).

The State moved to dismiss Miles' motion to vacate and after a limited resentence hearing, the court amended its judgment entry to notify Miles of a 3 year mandatory term of post-release control for Count 1 but did not otherwise amend Miles's sentence. *State v. Miles*, 2014 Ohio Misc. LEXIS 446 (Ohio C.P. April 18, 2014).

Miles, *pro se*, filed a notice of appeal with the Twelfth District Court of Appeals and in his brief filed June 30, 2014, raised the following assignments of error:

> 1. The trial court erred, having failed to properly impose Post Release Control at Appellant's original sentencing hearing, erred by conducting a subsequent hearing limited to the narrow scope of Post-Release Control notification rather than conducting a new sentencing hearing.
>
> 2. Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 3. Trial Court failed to conduct an allied offense determination before conducting the limited sentencing hearing.

(State Court Record, ECF No. 3, PageID# 78).

The State filed a brief in response and on December 1, 2014, the Court of Appeals, on an accelerated calendar, affirmed the judgment of the lower court. (State Court Record, ECF No. 3, PageID 101).

On January 2, 2015, Miles, pro se, filed a notice of appeal with the Ohio Supreme Court and the State waived response. On April 29, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). *State v. Miles,* 142 Ohio St. 3d 1452 (Ohio 2015).

**Procedural History in this Court**

Mr. Miles filed the Petition on September 4, 2015 (ECF No. 1). On Judge Litkovitz's Order (ECF No. 2), the Warden filed the State Court Record (ECF No. 3) and an original Answer/Return of Writ (ECF No. 4).  On Petitioner's Objection (ECF No. 5), Judge Litkovitz ordered the record supplemented with transcripts and extended Petitioner's time to file a traverse or reply to thirty days after the transcripts were filed (ECF No. 7).  Respondent filed and served some of the transcripts on February 5, 2016 (ECF No. 9).  On April 4, 2016, Respondent's counsel notified the Court that, although he had partially complied with the transcript order, other portions were still being transcribed and would be filed when available (Docket Notation.) Finally on May 5, 2016, Respondent notified the Court that no transcripts were available from the 2002 proceedings without a costly ($2,000) fee for transcribing them from audio recordings (ECF No. 13).

In the meantime  Petitioner moved to strike the Return (ECF No. 10).  He then petitioned the Court to allow him to file a petition for declaratory judgment (ECF No. 16). On August 29, 2016, Judge Litkovitz denied the Motion to Strike, allowed the filing of a substitute return, and excused Respondent from obtaining further transcripts (ECF No. 17).   In the same Order she allowed Petitioner thirty days from the filing of the Substitute Return to file a traverse/reply. *Id.* Petitioner has never filed a document styled "reply" or "traverse," but within the time allowed by Judge Litkovitz he filed his "Petition for Immediate Relief & Objection to Respondent's Substitute Answer/Return of Writ filed 31 August 2016 @ Doc. # 18 by Writ 'De Computo[1]' and

---

[1] The Writ De Computo was a common law writ used to bring an action on an account stated between two merchants in the absence of an actual promise to pay.  III Blackstone's Commentaries Ch. 9, § 5.  Its use in federal practice was abolished no later than the adoption of the Federal Rules of Civil Procedure in 1938.  See Fed. R. Civ. P. 2.  The writ of quo warranto also is not part of federal habeas practice.  Under Ohio law it is used to test the right

'Quo Warranto'." (ECF No. 19).  The Court will consider the arguments made therein as if made in a reply or traverse.

# Analysis

**Claims Arising from Original Conviction in 2002**

In Ground Two of the Petition, Mr. Miles asserts he received ineffective assistance of trial counsel at his original sentencing in 2002 when his trial attorney did not object to the improper imposition of post-release control and did not raise a claim that his offenses were allied offenses of similar import required to be merged under Ohio Revised Code § 2941.25.  In Ground Three he claims that he was entitled to an allied offenses hearing at his original sentencing.

Respondent asserts these three sub-claims are barred by the statute of limitations adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Substitute Return of Writ, ECF No. 18, PageID 532-38.

Mr. Miles makes no response to the statute of limitations argument and the Court finds it well taken.  The AEDPA provides a one-year statute of limitations running from the date on which a conviction becomes final, unless a habeas petitioner can show some other date is applicable.  In this case Mr. Miles' conviction became final on the forty-fifth day after his conviction was affirmed in the Ohio Court of Appeals – February 14, 2004 – the last date on which he could have appealed to the Ohio Supreme Court.  Mr. Miles has not shown or

---

of someone to hold an office.  Neither of these writs is part of federal habeas corpus practice.

attempted to show any exception to the statute or any proper tolling of the statute.  Therefore the claims arising from his original conviction are barred by the statute of limitations.

The Warden also argues claims from the original conviction are barred by procedural default because no appeal was taken to the Supreme Court.  The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is

procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Because Mr. Miles did not appeal to the Ohio Supreme Court from his original conviction, his claims arising at that time are barred by his procedural default.

**Claims Arising from Resentencing in 2014**

In Ground One of the Petition, Mr. Miles argues he was entitled to a broader hearing at the time of re-sentencing, rather than one limited to the question of proper imposition of post-release control. In Ground Two he claims he was denied effective assistance of counsel at the resentencing. In Ground Three he claims the trial court should have conducted an allied offenses hearing at the post-release control imposition hearing. Respondent raises no statute of limitations defense as to these claims as they were timely filed after the 2014 hearing.

However, the Warden does argue that the question of how broad the resentencing hearing should have been is a question of state law not cognizable in federal habeas corpus (Substitute Return, ECF No. 18, PageID 531).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*,

502 U.S. 62, 67-68 (1991).

Miles has not cited nor is the Court aware of any authority establishing a federal constitutional right to any particular breadth of issues to be considered in a state resentencing proceeding. This sub-claim should be dismissed for failure to state a claim upon which federal habeas corpus relief can be granted. In particular, a habeas petitioner cannot turn a state law question into a federal constitutional question merely by putting the labels "due process" and "equal protection" on state law claims.

Regarding Mr. Miles' claims of ineffective assistance of trial counsel at the re-sentencing hearing, the Warden defends these claims on the merits (Substituted Return, ECF No. 18, PageID 544 et seq.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Twelfth District Court of Appeals decided the ineffective assistance of trial counsel claims on the record, holding

> ¶ 2 Appellant's assignments of error are overruled on the basis of *State v. Jackson,* 12th Dist. Butler No. CA2011-08-154, 2012-Ohio-993, ¶ 9-10; *State v. Vore*, 12th Dist. Warren No. CA2012-07-065, 2014-Ohio-1583, ¶ 11; and *State v. Adams,* 7th Dist. Mahoning No. 12 MA 26, 2013-Ohio-1433, ¶ 20.

*State v. Miles,* Case No. CA2014-05-111 (12th Dist. Dec. 2014)(unreported, copy at ECF No. 3, PageID 101).

Miles has failed to show this decision is contrary to or an unreasonable application of the governing authority on ineffective assistance of trial counsel, to wit, *Strickland v. Washington,* 466 U. S. 668 (1984). In particular, Miles has not shown that if his trial attorney had raised these claims, they would likely have prevailed. See particularly *State v. Fischer*, 128 Ohio St. 3d 92 (2010).

Therefore Miles' claims arising from his 2014 re-sentencing should be dismissed with prejudice.

**Claims Made in Petition for Declaratory Judgment and Petition "De Computo" and "Qua Warranto"**

On August 20, 2016, Mr. Miles filed a Petition for Leave to File a Petition for Declaratory Judgment (ECF No. 16). When the case was transferred to the undersigned, the Court denied this Motion, noting "[s]uch a motion is not a proper part of habeas corpus practice. See Rules Governing § 2254 Cases." While his Motion for Leave to file was pending, Mr. Miles filed his Petition for Immediate Relief . . .De Computo and Quo Warranto" (ECF No. 19).

Petitioner signs both of these documents "Kevin-Charles: Miles-El" as attorney-in-fact pursuant to UCC1-207.7 and 1-103.6 for "Kevin C. Miles ex rel ens legis.trust." The Court has no idea what any of this means or what Petitioner thinks it means. If Petitioner believes he can somehow divide his personality and have part of it file on behalf of the other part, he sadly misunderstands the law. A natural person can appear in federal court in only one of two ways: pro se or as represented by an attorney at law admitted to practice before the particular court in question. The Court disregards these fictitious signatures and treats Petitioner as having

11

continued to file pro se. However, continued pretended filing under fictitious names will result in the Court's ignoring the filings.

In the most recent Petition, Miles castigates the Warden's counsel for failure to respond to the issues raised in the Petition for Declaratory Judgment (ECF No. 19, PageID 551). The Warden was under no duty to respond because the issues presented are not included in Miles' Petition. A habeas corpus petition may be amended by the same process used to amend a civil complaint. 28 U.S.C. § 2242. Miles never sought nor obtained court permission to amend his habeas petition, so the issues raised in the Petition for Declaratory Judgment were not properly pleaded and the Warden was under no duty to respond.

If Miles had sought leave to amend under Fed. R. Civ. P. 15, the proper way to amend a habeas petition, the Court would have denied leave because the amendment would have been futile. See *Foman v. Davis*, 371 U.S. 178 (1962). The reason is that the claims made in the Petition for Declaratory Judgment do not state claims under the United States Constitution.

Miles claims the Common Pleas Court did not obtain subject matter jurisdiction over him because there was no complaint as required by Ohio R. Crim. P. 3 supported by a properly sworn affidavit. Miles is mistaken in his understanding of Ohio law. The State Court Record shows Miles was indicted by the Butler County Grand Jury (ECF No. 3, PageID 26). Once a grand jury has returned an indictment and a named defendant has been arrested on that indictment, the prosecutor may request either a summons or an arrest warrant. Ohio R. Crim. P. 9. The Court of Common Pleas acquires jurisdiction of the person of a defendant when that person is served with the summons or warrant. The Common Pleas Court already has subject matter jurisdiction of criminal offenses at the felony level. Ohio Common Pleas courts are courts of general jurisdiction, which means they have authority to decide their own jurisdiction in the first

instance. *State ex rel. Winnefeld v. Court of Common Pleas of Butler County,* 159 Ohio St. 225 (1953); *State ex rel Miller v. Court of Common Pleas of Lake County*, 151 Ohio St. 397 (1949). That determination is subject to review on appeal. *State ex rel. Heimann v. George*, 45 Ohio St. 2d 231 (1976). In Ohio, the common pleas courts are the courts with subject matter jurisdiction to try felony criminal cases. See Ohio Rev. Code 2931.03; *State v. Lauharn*, 2012-Ohio-1572, ¶ 22, 2012 Ohio App. LEXIS 1382, **12 (2nd App. Dist. 2012); *Leyman v. Bradshaw*, 2015-Ohio-751, ¶ 13, 2015 Ohio App. LEXIS 699, **4 (5th App. Dist. 2015).

One final point is important. Miles argues that he has "envoked [sic] SUBJECT MATTER JURISDICTION . . .and once envoked [sic] it cannot be waived, even under R. 12." (ECF No. 16-1, PageID 515). Petitioner is correct that lack of subject matter jurisdiction in any court is a defense that cannot be waived. A judgment of conviction based on an indictment which does not charge an offense is, under Ohio law, void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceedings. *State v. Cimpritz,* 185 Ohio St. 490, 491 (1953), ¶6 of the syllabus.

However, the fact that lack of subject matter jurisdiction cannot be waived does not mean that it cannot be forfeited by missing the statute of limitations deadline or procedurally defaulting by failing to raise it in the state courts. Miles never raised his claim of lack of subject matter jurisdiction until seeking leave to file declaratory judgment, many years after the statute of limitations had expired and after he had lost any opportunity to present it on direct appeal to the Ohio courts.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 28, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).