IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KEVIN MILES,

           Petitioner,    :    Case No. 1:15-cv-572

    - vs -                        District Judge Timothy S. Black
                                     Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
Institution,

                                     :

           Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's recommendation that the Petition be dismissed with prejudice ("Report," ECF No. 22).

Miles is serving a sentence of life plus twenty-three years for murdering the three-year old daughter of his girlfriend. Trial, conviction, and sentencing occurred in 2002. The conviction was affirmed on direct appeal. *State v. Miles*, 2003-Ohio-7209, 2003 Ohio App. LEXIS 6492 (12th Dist. Dec. 31, 2003). Miles did not appeal to the Ohio Supreme Court. His next attack on his conviction was a pro se motion to vacate sentence, filed in the Common Pleas Court January 27, 2014. The Butler County Common Pleas Court amended the judgment to include a correct term of post-release control, but otherwise refused relief. The Twelfth District affirmed and the Ohio Supreme Court declined jurisdiction. *State v. Miles*, 142 Ohio St. 3d 1452 (2015). Miles filed his Petition in this Court January 4, 2015 (ECF No. 1).

The Petition pleads three grounds for relief:

1

> **GROUND ONE:** Trial court committed harmful error by conducting a limited re-sentencing hearing limited to the proper imposition of post release control when petitioner had already completed the term ordered by the trial court in violation of petitioner's right to due process and equal protection of the law.
>
> **GROUND TWO:** Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution in violation of petitioner's right to due process and equal protection of the law.
>
> **GROUND THREE:** Trial court failed to conduct an allied offense determination before conducting the limited sentencing hearing in violation of petitioner's right to due process and equal protection of the law.

(Petition, ECF No. 1, PageID 6-8.)

The Warden argued in the Substitute Return of Writ that the parts of Grounds Two and Three which arise out of the 2002 conviction are barred by the one year statute of limitations and the Report accepted that argument (Report, ECF No. 22, PageID 569). The Warden also argued these claims from the original conviction were procedurally defaulted because Miles did not appeal to the Ohio Supreme Court and the Report also adopted that argument. *Id.* The Objections say nothing about these two conclusions, except to claim that the statute of limitations does not apply to claims of lack of jurisdiction (Objections, ECF No. 25, PageID 587).

Instead, Miles' argument in the Objections seems to be that the State of Ohio never has proved it had jurisdiction to try him and therefore the judgment of conviction is "void *ab initio*" and he is entitled to release.

Miles offers various reasons why there was no jurisdiction. He says the State has not proven his indictment was properly returned by a grand jury because, in part, no grand jury transcripts have been produced. *Id.* at PageID 583-84. Later he asserts the court of appeals'

judgment is unconstitutional because they did not have a full transcript. *Id.* at PageID 586.

There is no case law cited by Miles or known to this Court which holds that the federal statute of limitations for habeas corpus petitions does not apply when a jurisdictional claim is being made. The AEDPA contains no such exception and no federal court has engrafted such an exception onto the statute. Thus the Warden's limitations argument remains sound.

Miles makes no response about his failure to file a direct appeal to the Ohio Supreme Court, so the Warden's procedural default defense to Grounds Two and Three remains sound.

Ground One and parts of Grounds Two and Three complain that the resentencing hearing was not as broad as it should have been. The Warden asserted that questions about the breadth of a resentencing hearing, which was required under Ohio law to properly impose post-release control, are entirely a matter of state law and therefore not a proper subject of federal habeas review (Substitute Return of Writ, ECF No. 18, PageID 531). The Report agreed and also recommended deference to the state courts' findings of effective assistance of counsel (ECF No. 22, PageID 571-72). The Objections do not address this recommendation.

Miles devotes the bulk of his Objections to arguing the State has not proved the Common Pleas Court had jurisdiction to try him. His theory seems to be that jurisdictional claims of the type he makes can be raised at any time, even nine months into a habeas corpus case by filing a "Petition for Declaratory Judgment" and a "Petition for Immediate Relief . . . De Computo and Quo Warranto" which he did on June 16, 2016 (ECF No. 16), and October 3, 2016 (ECF No. 19).

It has never been the federal law in the United States that a person committed to prison on process from a state court could force the State to prove from scratch that the detention was lawful. Indeed, for most of the history of the federal courts, presentation of a certified order of

commitment from a state court ended the habeas corpus inquiry. Even when habeas corpus procedure was at its most liberal, from *Fay v. Noia*, 372 U.S. 391 (1963), to *Wainwright v. Sykes*, 433 U.S. 72 (1977), a habeas petitioner could not just file a petition and demand that the State prove it had followed every step of state or federal prescribed process. Instead, a petitioner must make specific claims about the unconstitutionality of his conviction which the federal court will then adjudicate on the basis of the state court record.

When this Court examines the State Court Record (ECF No. 3), it finds an Indictment proper in form signed by the prosecuting attorney of Butler County and the foreperson of the grand jury and filed with the Clerk of Courts for Butler County. *Id.* at PageID 26. No underlying transcript of grand jury proceedings need to be filed. Indeed, the secrecy of both state and federal grand jury proceedings is protected. "[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983)(quoting *Douglas Oil Co. v. Petrol Stops Northeast*, 441 U.S. 211, 218-219 (1979), cited favorably in *Rehberg v. Paulk*, 566 U.S. 356 (2012)). Moreover, the record does not show Miles ever complained about the Indictment before trial as is required by Ohio law or ever raised that question until he filed his Objections.

The Court previously objected to Miles' signing papers in this case under a purported power of attorney (Report, ECF No. 22, PageID 572; Decision, ECF No. 24, PageID 581). Miles objects in part that the use of the suffix "el" with his name refers to his being "an aboriginal Indigenous Moorish-American National w/ the Moorish Tribal Name of El." (Objections, ECF No. 25, PageID 588.) Miles also claims to have filed some request for religious accommodation based on his Moorish status with the Warden. *Id.* at PageID 589. The Court intends no disrespect to any religious identification Petitioner may have. However, whatever Miles may

believe religiously does not entitled him to file papers in federal court under a power of attorney.

The Magistrate Judge cannot pass over noting that Miles, in support of his Objections, cites Chief Justice Taney's opinion in *Dred Scott v. Sandford*, 19 How. 393 (1857), that black people, whether free or enslaved, could never be citizens of the United States. Therefore Miles claims he is not a citizen (Objections, ECF No. 25, PageID 588). The Court respectfully advises Petitioner that Chief Justice Taney was overruled in practice by the Union Army and legally by adoption of the Fourteenth Amendment which provides in pertinent part "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."

Petitioner's Objections should be overruled and his Petition dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the

5

transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).